**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4171**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

SAMMY HARDISON SHINE, a/k/a Shine,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:08-cr-00367-TLW-2)

Submitted:  February 10, 2011          Decided:  March 10, 2011

Before KING and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

John Wesley Locklair, III, LOCKLAIR & LOCKLAIR, P.C., Columbia, South Carolina, for Appellant. Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sammy Hardison Shine pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to distribute fifty grams or more of crack cocaine and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). The district court sentenced Shine to 210 months' imprisonment. Shine's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating his opinion that there are no meritorious issue for appeal but raising the issue of whether the district court erred in denying Shine's motion for a variance. Shine was notified of his right to file a pro se supplemental brief, but has not done so. The Government has declined to file a responsive brief. We affirm.

This court reviews a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. After determining whether the district court properly calculated the defendant's advisory Guidelines range, this court considers whether the district court considered the § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see Rita v. United States, 551 U.S. 338, 346-47 (2007); United States v. Carter, 564 F.3d 325,

2

330 (4th Cir. 2009). Finally, this court reviews the substantive reasonableness of the sentence, "taking into account the totality of the circumstances, including the extent of any variance from the Guideline range." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (internal quotation marks and citation omitted).

In evaluating the sentencing court's explanation of a selected sentence, this court has consistently held that, while the district court must consider the statutory factors and explain the sentence, it need not explicitly refer to § 3553(a) or discuss every factor on the record, particularly when the court imposes a sentence within the properly calculated advisory Guidelines range. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). At the same time, the district court "must make an individualized assessment based on the facts presented." Gall, 552 U.S. at 50. The reasons articulated by the district court for a given sentence need not be "couched in the precise language of § 3553(a)," so long as the "reasons can be matched to a factor appropriate for consideration . . . and [are] clearly tied [to the defendant's] particular situation." United States v. Moulden, 478 F.3d 652, 658 (4th Cir. 2007).

In this case, after properly calculating the Guidelines range, the district court sufficiently explained the 18 U.S.C. § 3553(a) (2006) factors it had considered and their

3

relation to Shine. The court adequately explained its denial of Shine's motion for a variance. Accordingly, the district court's sentence was procedurally reasonable. Moreover, considering the totality of the circumstances, the district court's sentence was also substantively reasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. This court requires that counsel inform Shine, in writing, of the right to petition the Supreme Court of the United States for further review. If Shine requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Shine.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4